**IT IS ORDERED as set forth below:**

Date: September 7, 2023

_____

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>KAREN LENEE BATISTE,<br>  DEBTOR.<br><br>―――――――――――――――<br>MCLP ASSET COMPANY, INC.,<br><br>    MOVANT,<br>V.<br><br>KAREN LENEE BATISTE, DEBTOR,<br>NANCY J. WHALEY, TRUSTEE,<br><br>    RESPONDENTS. | CASE NO. 19-53967-JWC<br><br>CHAPTER: 13<br><br>JUDGE: JEFFERY W. CAVENDER<br><br>CONTESTED MATTER |

<u>CONSENT ORDER ON MOTION TO MODIFY AUTOMATIC STAY AS TO DEBTOR AND
WAIVER OF THE 30-DAY REQUIREMENT OF 11 U.S.C. § 362(e) (#77)</u>

MCLP ASSET COMPANY, INC. ("Movant"), filed a Motion To Modify Automatic Stay As To Debtor and Waiver Of The 30-Day Requirement of 11 U.S.C. § 362(e) on July 10, 2023 [Doc.# 77] that was duly noticed and set for a hearing on August 8, 2023 at 10:30 a.m. before this Honorable Court. Upon Notice of Hearing to each of the above-captioned parties in interest, wherein the counsel for Debtor and counsel for Movant appeared, and it appearing to the Court that the parties consent hereto:

As of September 5, 2023, the arrearage is $3,153.64, consisting of regular post-petition payments for June 2023 through September 2023 in the amount of $788.41 per month, plus attorney fees and costs in the amount of $1,238.00, less suspense in the amount of $175.11, for a total of $4,216.53:

The parties agree that this arrearage shall be paid as follows:

1) Debtor shall pay an instanter of $1,576.82.

2) Debtor shall amend the Chapter 13 Plan to include the post-petition balance of $2,639.71.  Movant shall file an Amended or Supplemental Proof of Claim reflecting the amount of $2,639.71, which shall be funded through the Chapter 13 Plan.

3) Beginning October 1, 2023, Debtor shall resume timely remittance of the regular monthly mortgage payments. Payments should be sent to the below address:

**Selene Finance, LP**
**Attn: Cashiering Department**
**9990 Richmond Avenue**
**Suite 400 South**
**Houston, TX 77042**

IT IS HEREBY ORDERED that the Motion for Relief from Stay with respect to certain property more particularly described as 3186 Parc Court Southwest, Atlanta, GA 30311 (the "Property") is Denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

FURTHER ORDERED that should Debtor default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents for the duration of this bankruptcy case, then upon notice of default sent by first class mail to Debtor, attorney for Debtor and the Trustee, and failure of Debtor to cure such default within ten (10) days from the date of receipt of such notice, Movant may file a Motion and Affidavit of Default, with service upon Debtor, attorney for Debtor, and the Trustee, and the Court may enter an Order Modifying the Automatic Stay, without further notice or hearing.  In the event

of the Debtor default, Movant must provide the Chapter 13 Trustee with twenty (20) days' notice of the default. During said twenty-day period, the Trustee may file a Motion to Convert the Case to a Chapter 7 proceeding or a Motion to Sell the subject property. If the Trustee does not file either of the above-described motions within the twenty-day period, Movant may file a Motion and Affidavit of Default with the Court, with service upon the Debtor and Debtor's attorney, and the Chapter 13 Trustee, and the Court may enter an Order modifying the automatic stay, waiving the 14-Day Stay of Bankruptcy Rule 4001(a)(3), without further notice or hearing. In the event an Order modifying the automatic stay is entered, Trustee is to cease funding any pre-petition arrearage claim. It is

FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) property entitled to receive proceeds under applicable State Law, that would otherwise be payable to the Debtor, shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtors remain in bankruptcy.

**[END OF DOCUMENT]**

CONSENTED TO BY:

/s/ Janica Drayton
JANICA DRAYTON, ESQ.
Georgia Bar # 612147
PADGETT LAW GROUP
3490 Piedmont Road, NE
Suite 1475
Atlanta, GA  30305
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
janica.drayton@padgettlawgroup.com

Attorney for Movant

/s/ Mario Marty L. Adkins_____  (with express permission)
Mario Marty L. Adkins - GA Bar No. 005393
The Adkins Firm, PC
Suite 266
3401 Norman Berry Drive
Atlanta, GA 30344
madkinslaw@gmail.com

NO OPPOSITION:

/s/ Julie M. Anania_____  (with express permission)
Julie M. Anania - GA Bar No. 477064
Staff Attorney for Nancy J. Whaley, Standing Ch 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303
ecf@njwtrustee.com

**Service List**

Karen Lenee Batiste
3186 Parc Court, SW
Atlanta, GA 30311

Mario Marty L. Adkins
The Adkins Firm, PC
Suite 266
3401 Norman Berry Drive
Atlanta, GA 30344

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303